1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ZACHARIAH DANIELS,                      No. 2:15-cv-1264 GEB AC P

12                  Plaintiff,

13       v.                                 ORDER SETTING SETTLEMENT
                                            CONFERENCE
14  R. FOX, Warden, et al.,

15                  Defendants.

16

17       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18  action filed pursuant to 42 U.S.C. § 1983.  The court has determined that this case will benefit

19  from a settlement conference.  Therefore, this case will be referred to Magistrate Judge Gregory

20  G. Hollows to conduct a settlement conference at the United States District Court, 501 I Street,

21  Sacramento, California 95814, in Courtroom #9 (13th Floor) on May 4, 2017 at 9:00 a.m.

22       A separate order and writ of habeas corpus ad testificandum will issue concurrently with

23  this order.

24       In accordance with the above, IT IS HEREBY ORDERED that:

25       1.  A settlement conference is set for May 4, 2017 at 9:00 a.m. in Courtroom #9 (13th

26           Floor) before Magistrate Judge Gregory G. Hollows at the U. S. District Court, 501 I

27           Street, Sacramento, California 95814.

28  ////

                                             1

2. Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms at the Settlement Conference[1].

3. Each party is directed to submit to the chambers of Magistrate Judge Gregory G. Hollows, not later than April 27, 2017, a confidential settlement conference statement via email to gghorders@caed.uscourts.gov.  Plaintiff shall mail his confidential settlement statement to arrive not later than April 27, 2017, addressed to Sujean Park, ADR & Pro Bono Program Director, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814.  The envelope shall be marked "Confidential Settlement Statement."  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  However, each party shall file a "Notice of Submission of Confidential Settlement Statement."  See L.R. 270(d).

4. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in

---

[1]  While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1    dispute.

2         c.  A summary of the proceedings to date.

3         d.  An estimate of the cost and time to be expended for further discovery, pretrial, and

4             trial.

5         e.  The relief sought.

6         f.  The party's position on settlement, including present demands and offers and a

7             history of past settlement discussions, offers, and demands.

8         g.  A brief statement of each party's expectations and goals for the settlement

9             conference.

10        h.  Any other matter relevant to settlement.

11   IT IS SO ORDERED.

12   DATED: November 28, 2016

13

14                                          ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28