UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH DANIELS, | No. 2:15-cv-1264 GEB AC P |
| Plaintiff, | |
| v. | ORDER |
| R. FOX, Warden, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff moves for reconsideration of this court's March 24, 2016 order denying without prejudice his request for appointment of counsel. See ECF No. 29. The court construes plaintiff's motion as a second request for appointment of counsel. For the reasons stated below, the court grants plaintiff's request for the limited purpose of appointing counsel to prepare for, and represent plaintiff at, the settlement conference scheduled by separate order in this case for May 4, 2017.

Indigent prisoners are not entitled to legal representation in Section 1983 cases and therefore this court is without authority to compel an attorney to assume such representation. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Nevertheless, in certain "exceptional circumstances" a district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

1

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "Exceptional circumstances" may exist when a plaintiff has a reasonable likelihood of succeeding on the merits of his claims, but has difficulty articulating his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners do not establish exceptional circumstances. Id. However, these considerations must be balanced with the reality that only a limited number of attorneys are available to represent indigent prisoners pro bono. Simply put, there are not enough attorneys to represent all indigent prisoners demonstrating exceptional circumstances.

In considering plaintiff's prior request for appointment of counsel, the court reasoned in part, ECF No. 12 at 10-11:

> Plaintiff is recognized by CDCR to have disabilities within the meaning of the Americans with Disabilities Act (ADA), specifically, mobility impairment, mental depression and stress, and his request for appointment of counsel was prepared with the assistance of a Library Technical Assistant. The request informs the court that plaintiff is prescribed psychotropic medications that impair plaintiff's abilities to read, write and understand (supporting documentation is provided).
>
> . . . The court cannot determine, at this juncture, whether there is a reasonable likelihood of success on plaintiff's claims. Moreover, the existing claims are not particularly complex, and have been well documented throughout the administrative exhaustion process. Finally, despite plaintiff's assertions to the contrary, it appears that plaintiff is fully capable of articulating his claims pro se. Plaintiff's inmate grievances are cogent and detailed, and demonstrate that plaintiff can adhere to procedural requirements and deadlines. . . . Plaintiff's indigence and lack of legal expertise are circumstances shared with most prisoners. Plaintiff's psychological challenges and medication side effects are circumstances shared by many other prisoners. For these several reasons, the court finds that plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel at this time.

In the same order, the court found that plaintiff's original complaint stated potentially cognizable claims against four defendants, and accorded plaintiff the option of proceeding on his original complaint or filing a Second Amended Complaint (SAC).[1] See ECF No. 12. Plaintiff

---

[1] The court found plaintiff's original complaint more coherent than his First Amended Complaint.

chose to file a SAC.  See ECF No. 20.  In an order filed contemporaneously with this order, the court finds that the SAC incorporates the allegations of the original complaint and adds additional claims against a total of nine defendants.  The court directs plaintiff to submit the information necessary for the United States Marshal to serve process of the SAC on these nine defendants.

The instant motion for appointment of counsel was prepared by another inmate who states that all of plaintiff's pleadings were prepared by other prisoners.  See ECF No. 29 at 2-3 (citing Cal. Code Regs. tit. 15, § 3163 (authorizing inmates to assist other inmates in the preparation of legal documents)).  Indeed, review of these pleadings and plaintiff's numerous motions indicates that each was either typed or handwritten in a style distinct from plaintiff's signature.  The instant motion emphasizes that this court has already found plaintiff's claims potentially cognizable.  The motion challenges this court's assessment that plaintiff's indigence, lack of legal expertise, and psychological and medication challenges are circumstances common to other prisoners, and asserts that "those similarly situated prisoners very well are articulating there (sic) own pleadings without assistance of need for assistance from other prisoners."  ECF No. 29 at 3.  The motion adds that now "plaintiff is very restricted within an administrative segregation unit where access to other prisoners is very difficult."  Id.

A prisoner's confinement in administrative segregation does not present an exceptional circumstance.  Nevertheless, the undersigned finds that this factor, together with plaintiff's documented physical and mental disabilities, side effects to medication, and dependence on other inmates for the preparation of his legal documents – together with the court's finding that plaintiff's SAC states cognizable claims against nine defendants and the fact that this case is now scheduled for a settlement conference – demonstrate exceptional circumstances warranting appointment of counsel.  However, due to the limited number of available attorneys, this appointment will be for the sole purpose of representing plaintiff at the settlement conference.  Legal representation at the settlement conference will accord plaintiff his best chance to reach an acceptable resolution of this case.

////

////

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, construed as a second request for appointment of counsel, ECF No. 29, is granted in part.

2. Counsel is appointed in this case for the limited purpose of preparing for, and representing plaintiff at, the settlement conference scheduled in this case for May 4, 2017.

3. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept the appointment described herein.

DATED: November 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE